```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 07-23381-CIV-GOLD
                                    MAGISTRATE JUDGE P.A. WHITE
STEPHEN L. WHITE,           :

        Plaintiff,          :

v.                          :          REPORT OF
                                    MAGISTRATE JUDGE
JAMES SMITH, and            :
ROLANDO DE LA OSA,
                            :
        Defendants.
_____
```

## I   INTRODUCTION

In this pro se civil rights action pursuant to 42 U.S.C. §1983, plaintiff Stephen L. White, who is now confined at South Bay Correctional Facility, filed suit against two defendants, Miami-Dade police Detective De La Osa, and Opa Locka Police Chief Smitty.

After a Preliminary Report and an Order thereon (DE#s 8 and 12), the case remained pending against the two defendants on claims that White was subjected to false arrest and malicious prosecution.

**This Cause is before the Court upon: 1) Defendant Smith's Motion for Summary Judgment (DE#48); 2) plaintiff White's motion for summary judgment (DE#52); and 3) Smith's Motion (DE#70) for entry of Final Order of Dismissal as to him,** based on plaintiff's "Request to Amend Defendants" [DE#69], stating that based on responses to discovery he was his wish to "remove" Smith from the list of defendants, and release him from all responsibility in this matter.

## II   BACKGROUND

After entry of the Report (DE#8), service of process was ordered (see Service Order, DE#9, Summonses were issued (DE#s 10 and 11), and executed returns were filed for the defendants by Deputy U.S. Marshals ["DUSMs"] (DE#s 13 and 14). A Notice of Appearance was filed for "Chief Smitty" a/k/a Corporal James Smith of the City of Opa Locka Police Department. (DE#15). De La Osa's name was misspelled in the Service Order and Summons as "De La Oja" (DE#s 9 and 10). When the executed Process Receipt and Return was filed for

him (see DE#14, dated 5/29/08 by the DUSM, and filed with the Clerk on 6/2/08), the DUSM's Remarks on the Return indicated he was told the defendant's correct name was "De La Osa" and that he was unavailable. The DUSM also wrote that Detective Thomas Romagni indicated he "would accept for De La Osa after call to De La Osa." (DE#14, p.1). When De La Osa filed a Motion to Quash (DE#17) with his supporting Declaration (DE#17-1), he did not challenge service based on the misspelling of his name, but instead on the ground that he did not authorize Romagni to accept service for him.[1] An Order was entered granting the motion to quash (Order, DE#18); an new summons was issued (DE#20), and a second Service Order was entered. (Order, DE#19). A DUSM filed an executed Return (DE#22) indicating that Detective Sal Garafalo was served on 7/21/08 on De La Osa's behalf at MDPD Headquarters. In the "Remarks" section of the executed Return the DUSM wrote: "Summon and complaint served & executed Received by an Authorized Representative for Rolando De La Osa #2921." (DE#22, p.1). De La Osa filed another motion to quash, (DE#23), again stating in a Declaration (DE#23-1) that he did not authorize any person to accept service of process on his behalf. (DE#23-1). That motion to quash was granted (Order DE#24). A third Service Order was entered (DE#25) with a new [third] summons (DE#27). This Service Order required personal service, and if that was not possible, and substituted service was made, the Order required the DUSM to explain why the named defendant could not be served, to record the name, title, and badge number of the person actually served, and to provide proof that the agent was authorized by appointment or by law to accept service on behalf of the defendant. (Service Order, DE#25, p.2). Substituted Service was again obtained, this time on 10/21/08 upon "Ofc. W. Sanchez Detective." The DUSM's Remarks at the bottom of the Return indicated:

---

[1] De La Osa stated that he was not personally served, that he had received a telephone call from his partner Detective Romagni, and that during that conversation Romagni had informed him that an individual at the police station had a "subpoena" for him, and that he was being sued. De La Osa stated that in response to Romagni's statement over the phone he [De La Osa] said, "Okay." De La Osa further stated that Romagni told him he would leave the paperwork on De La Osa's desk. De La Osa further states in his Declaration, "I did not authorize Detective Romagni or any other person to accept service of process on my behalf." (DE#17-1, Declaration].

2

"Summons & Complaint Received by Authorized Representative of Ofc. Rolando De La Osa Def. By Ofc. W. Sanchez." Again De La Osa filed a motion to quash (Motion, DE#29), stating in his Declaration (DE#29-1) that he received a phone call from Detective Sanchez informing him that a complaint and summons were given to him and that he had placed the documents on De La Osa's desk. De La Osa stated that he did not authorize Sanchez or anyone else to accept service of the summons and complaint on his behalf. (Id.). An Order (DE#30) was entered granting De La Osa's third motion to quash.

In conjunction with entry of this Report, a Fourth Service Order is being entered with instructions to the Marshal to obtain service of process for the defendant De La Osa. The Order instructs that the DUSM shall not make substituted service; and requires that the DUSM make personal service upon the named defendant, by locating him and actually touching him with the papers [summons and complain] at his place of work, or [unfortunately] if necessary at his place of residence.

Accordingly, the case will remain pending against De La Osa, who will be required to respond to the complaint once he is served.

### III   The DEFENDANT JAMES SMITH, AND PENDING MOTIONS (DE#s 48 and 70)

As noted, supra, plaintiff White filed a "Request to Amend Defendants," which was effectively a Notice of Voluntary Dismissal of the complaint against defendant Corporal James Smith. (DE#69). The Request had been docketed as a pending motion, and on July 31, 2009, a paperless Order [DE#70] was entered, granting the Motion to amend, and noting "the Plaintiff wishes to voluntarily dismiss defendant Corporal James Smith based upon defendant's discovery responses, and proceed against Detective Rolando De La Osa." (See Order, DE#70).

Although the Order DE#70 did not actually rule on defendant Smith's status as a party, the Clerk of Court, based on the Order granting plaintiff's "Motion to Amend," changed defendant Smith's status as a party to "Terminated." In a pro se prisoner case such

as this, the actual disposition of a complaint or claims against a party defendant should be done pursuant to a Report of Magistrate Judge, followed by an Order of the District Judge.

Accordingly, it is hereby recommended, based on the plaintiff's Notice, captioned "Request to Amend Defendants" (DE#69), which was in legal effect a notice of voluntary dismissal, that the defendant Corporal James Smith be dismissed from the lawsuit.

The pending motion for summary judgment by the defendant Smith (DE#48) should be dismissed, as moot; and Smith's motion (DE#71), for a final Order of dismissal as to him, should be granted.

### IV    PLAINTIFF'S MOTION (DE#52)

In light of the voluntary dismissal of the defendant James Smith, and in light of the fact that the only other defendant in the case, Detective Rolando De La Osa, has not yet been served with process, and has not filed an Answer and Affirmative Defenses or other responsive pleading, the plaintiff's own motion for summary judgment (DE#52) is premature. Accordingly, plaintiff's motion for summary judgment should be dismissed, without prejudice to renew.

### V    CONCLUSION

It is therefore recommended that: 1) pursuant to plaintiff's motion for voluntary dismissal DE#69, all claims in the complaint against the defendant Corporal James Smith be dismissed; 2) defendant Smith's Motion (DE#71) for a final Order of dismissal be Granted, and Smith be terminated as a party to this lawsuit; 3) defendant Smith's pending motion for summary judgment (DE# 48) be dismissed, as moot; 4) plaintiff's pending motion for summary judgment (DE#52) be dismissed, as premature; and 5) the case remain pending only against the defendant Miami-Dade police Detective Rolando De La Osa.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

DONE AND ORDERED, at Miami, Florida, this 1st day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Stephen L. White, <u>Pro Se</u>
      DC# 846849
      South Bay Correctional Facility
      P.O. Box 7171
      South Bay, FL 33493


      Craig Edward Leen, Esquire
      Assistant County Attorney
      Miami-Dade County Attorney's Office
      111 N.W. 1st Street, Suite 2810
      Miami, FL 33128-1993


      Chris Ambrosio, Esquire
      Michael Ross Piper, Esquire
      JOHNSON, ANSELMO, MURDOCH, BURKE,
            PIPER & HOCHMAN, P.A.
      2455 East Sunrise Blvd., 10th Floor
      P.O. Box 030220
      Fort Lauderdale, FL 33304-0220