UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23381-CIV-GOLD
MAGISTRATE JUDGE P.A. WHITE

STEPHEN L. WHITE,                  :

    Plaintiff,              :

v.                                 :       REPORT
                                        OF MAGISTRATE JUDGE
DET. DE LA OSA, et al.,            :        (DE# 80)

    Defendants.             :
_____

## I. Introduction

The plaintiff, Stephen White filed a _pro se_ civil rights complaint pursuant to 42 U.S.C. §1983 for monetary damages and other relief. [DE #1]. The plaintiff has been granted leave to proceed _in forma pauperis_.

This cause is presently before the Court upon a Motion to Dismiss the plaintiff's amended complaint filed by Defendant Detective De La Osa on February 9, 2010. (DE#80). [1]

## II. Discussion

Here, where the complaint was filed _pro se_ by a plaintiff who was incarcerated, and unschooled in the law, defendant De La Osa's arguments that the plaintiff has failed to satisfy the heightened

---

[1] The plaintiff filed an amended complaint on March 5, 2010, which alleges the same claims, but provides some additional details.(DE#83) The defendant may not be responding to this amended complaint in his motion to dismiss.

pleading standard, and that he is entitled to qualified immunity at this early stage must fail.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint because the plaintiff has failed to state a claim upon which relief may be granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

For reasons discussed in the Preliminary Report, the complaint in this case is sufficient to state a claim against the defendant.

Liberally construed, the plaintiff alleged that Miami-Dade Police Detective De La Osa of the Opa Locka Police Department

engaged in false arrest and/or malicious prosecution when he advised a witness to testify falsely before a grand jury, which indicted the plaintiff for murder. The plaintiff alleges that after the witness recanted his testimony, the charges were nolle prossed.

In order to state a claim of malicious prosecution, a plaintiff must allege: "(1) the elements of the common law tort of malicious prosecution, and (2) a violation of [his] Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11 Cir. 2004) (citation omitted). Under Florida law, a plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding. Id. (citations omitted). The Eleventh Circuit has recognized malicious prosecution as a violation of clearly established constitutional rights. See Wood v. Kessler, 323 F.3d at 872, 881 (11 Cir. 2003)("[T]he federal right to be free from malicious prosecution is actually a description of the right to be free from an unlawful seizure which is part of a prosecution.") (quotation omitted).

The Preliminary Report recommended that the case proceed against Defendant De La Osa, as the plaintiff had sufficiently alleged that the defendant may have engaged in malicious

prosecution, and may have falsely arrested and imprisoned him. The defendant's argument that the plaintiff has failed to state a claim is without merit.

The defendant further argues that he is entitled to qualified immunity. Qualified immunity protects government officials from performing discretionary functions from suits in their individual capacities unless their conduct violates the clearly established rights of others of which a reasonable person would have known. Bashir v Rockdale County, 445 F.3d 1323, 1327 (11 Cir. 2006); Gray ex rel. Alexander v Bostic, 458 F.3d 1295, 1303 (11 Cir. 2006). To overcome a defense of qualified immunity, the plaintiff must first show that the defendant violated a constitutional right and, if such a showing is made, that this right was clearly established at the time of the alleged violation. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11 Cir. 2004). At this preliminary stage, without further facts, it is impossible to discern whether the officer violated the plaintiff's rights.

As stated above, the plaintiff has adequately pled all of the elements to set forth a claim of malicious prosecution. The plaintiff alleges that an original judicial proceeding against him was commenced as a result of De La Osa's investigation; that he was acquitted of the charges; that De La Osa manufactured the witness's testimony, and testified falsely against him at a reduction of bond hearing, knowing that his DNA and fingerprints were not a match to the scene of the crime, and there was an absence of probable cause for the original proceeding as there was insufficient and unreliable information to arrest and prosecute. Liberally construed, De La Osa acted with malice; and the plaintiff suffered damages as a result of his detention. In addition, the allegations support a claim that De La Osa may have violated a constitutional

right which was clearly established at the time of the alleged violation.

### III. Conclusion

It is therefore recommended that Defendant De La Osa's motion to dismiss (DE#80) be denied. The case shall proceed on the initial complaint (DE#1) and amended complaint (DE#83).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 12th day of March, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Stephen White, Pro Se
 DC # 846849
 Apalachee CI
 Address of record

 Bridgette N. Thornton, Esq.
 Asst County Attorney
 Miami Dade County Attorney's Office
 Address of record