UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-23381-CIV-GOLD/GOODMAN

STEPHEN L. WHITE,

 Plaintiff,
v.

DET. DE LA OSA,
 Defendant.
_____

**ORDER ON MOTIONS TO STRIKE AND**

**FOR LEAVE TO FILE AMENDED AFFIRMATIVE DEFENSES**

  This cause is before me on Plaintiff's Motion to Strike Defenses of Defendant and Defendant's Motion For Leave to File an Amended Answer with Amended Affirmative Defenses.[1] (DE# 95; DE# 97.) As described more fully below, the Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED AS MOOT**.[2]

---

[1]  United States District Judge Alan S. Gold referred these motions to me on April 8, 2011, and April 15, 2011, respectively. (DE# 96; DE# 99.)

[2]  "In most circumstances, courts have held that motions for leave to amend pleadings are non-case dispositive matters subject to the clearly erroneous or contrary to law standard," which means magistrate judges may enter orders and need not make reports and recommendations. Administrative Office of the United States Courts, J-Net, Inventory of United States Magistrate Judge Duties, § 4 (Non-Case Dispositive Matters Under 28 U.S.C. § 636(b)(1)(A)). *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007) (magistrate judge's order denying motion for leave to amend complaint, which was implicitly adopted by the district judge, was not an abuse of discretion); *Ordemann v. Unidentified Party*, Case No. 06-4796, 2008 WL 695253 (E.D. La. March 12, 2008) (district court may not make a *de novo* review of the magistrate's decision on a motion for leave to amend because it concerns a nondispositive matter, which is subject to the clearly erroneous/contrary to law standard of review); *Delta Frangible Ammunition, LLC v. Sinterfire, Inc.*, Case 06-1477, 2009 WL 501942, *1 n. 1 (W.D. Pa. Feb. 27, 2009) (magistrate judge explains that she can resolve a motion for leave to amend by a direct order, "given the non-dispositive nature of the motion").

  Because the ruling on the motion to strike affirmative defenses is based on *mootness*, rather than on substantive issues, a direct order here is also appropriate. If, however, Plaintiff

Case No. 07-23381-CIV-GOLD/GOODMAN

### I.     Background

Plaintiff brought this action for false arrest and malicious prosecution under 42 U.S.C. § 1983 against Defendant, a Miami-Dade County Police Department detective. (DE# 91.) Pursuant to the District Court's January 20, 2011 order, Plaintiff filed a third amended complaint and Defendant filed an answer and affirmative defenses on February 15, 2011, and March 11, 2011, respectively.

On April 6, 2011, Plaintiff moved to strike all of Defendant's affirmative defenses. Plaintiff complained that Defendant's affirmative defenses were unspecific, conclusory, or, in some cases, completely irrelevant or not proper affirmative defenses at all. (DE# 95.) Defendant did not respond directly to this motion. Instead, Defendant filed his own motion seeking leave to file amended affirmative defenses. (DE# 97.) Defendant does not concede the validity of Plaintiff's motion, but advised that he is willing to file amended affirmative defenses "to avoid engaging in an unnecessary and protracted motion practice that would undoubtedly waste the Court's resources." (*Id.* at p. 2.) Defendant requests twenty-days to file an amended answer with amended affirmative defenses. (*Id.*)

### II.    Legal Standards

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading more than twenty-one days after serving it "only with the opposing party's written consent or the court's leave" and that "the court should freely give leave when justice so requires." Courts generally allow amendment where it is not futile. *United States ex rel. Compton v. Circle B*

---

files another motion to strike affirmative defenses concerning the defenses which Defendant will presumably raise in his amended answer and if that motion is also referred to me, then I will enter a report and recommendation, as opposed to a direct order, *See generally* KENT SINCLAIR, JR., PRACTICE BEFORE FEDERAL MAGISTRATES § 17.02 (2010) (explaining that "striking any 'insufficient' theory articulated in a pleading, such as a defense which does not apply in law to a particular claim," is best handled in a report and recommendation rather than in a direct order).

*Enters., Inc.*, No. 7:07-cv-32, 2010 WL 942293, at *9 (M.D. Ga. March 11, 2010). *See also Baltimore Cnty. FOP Lodge 4 v. Baltimore Cnty.*, 565 F. Supp. 2d 672, 675 (D. Md. 2008) (allowing amendment to affirmative defenses where it would cause no prejudice to plaintiff and allow defendant to properly make all of its legal arguments); *Veronda v. California Dep't of Forestry & Fire Prot.*, No. C 99-5244, 2002 WL 1578879, at *3 (noting that "delay, in the absence of prejudice, bad faith, or futility, is insufficient to deny a motion to amend").

Federal Rule of Civil Procedure 12(f) authorizes a court "to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own; or . . . on motion by a party . . . within 21 days after being served with the pleading." "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Romero v. Southern Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (internal quotations marks and citations omitted). However, "motions to strike are disfavored and rarely granted." *BB In Tech. Co., Ltd. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (citing *Augustus v. Board of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)).

An affirmative defense is "one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, -- F. Supp. 2d --, No. 10–22990–CIV, 2011 WL 1134989, at *1 (S.D. Fla. March 28, 2011) (internal quotation marks and citations omitted). Affirmative defenses must also comply with the pleading requirements of Rule 8(a) and include *facts* supporting each affirmative defense. *Cano v. South Fla. Donuts, Inc.*, No. 09-81248-CIV, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010). *See also Mid-Continent Cas. Co. v. Active Drywall*

3

*S., Inc.*, -- F. Supp. 2d --, Nos. 10-20859-CIV, 10-20861-CIV, 10-20862-CIV, 2011 WL 679850, at *1 (S.D. Fla. Feb. 25, 2011) (affirmative defenses must be pled consistent with *Twombly*).

Framed by these rules, "courts do not tolerate shotgun pleading of affirmative defenses and strike vague and ambiguous defenses that do not address any particular count, allegation, or legal basis of a complaint." *Id.* (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 1996)). Moreover, it is not an affirmative defense simply to state "Plaintiff has failed to state a cause of action upon which relief can be granted." *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *2 (S.D. Fla. July 31, 2009) (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)).

**III.    Discussion**

Defendant is correct that the simpler, more-efficient solution at this stage is simply to grant Defendant the leave he requests. Therefore, Defendant is hereby granted leave to amend his answer to assert more-finely crafted affirmative defenses.

I see no plausible prejudice Plaintiff could face from an order providing Defendant the opportunity to file an amended answer with amended affirmative defenses that would overshadow Defendant's need to submit amended affirmative defenses. To the contrary, under the scheduling order I entered on March 25, 2011, the earliest deadline in this case – the discovery deadline – is not until August 31, 2011. (DE# 94.) Plaintiff has about four months until then, which is sufficient to respond to, and prepare for, any amended affirmative defenses Defendant asserts.

It is true that Plaintiff has not yet responded to Defendant's motion for leave to amend. But for all practical purposes, Defendant's "motion" is, in effect, a response to Plaintiff's motion to strike. Defendant's motion focuses on why Defendant believes Plaintiff's motion should be

denied and, except for mentioning Rule 15(a)(2) in the first paragraph, requests leave to amend only in the very last sentence. Given the practical effect of Defendant's motion, I believe it is appropriate to rule on both motions now – upon the expiration of what would be the reply deadline to Plaintiff's motion had Defendant labeled their motion as a response. It would serve no interest to delay my inevitable order that Defendant be granted leave to amend his affirmative defenses. *See also Mid-Continent Cas. Co.*, 2011 WL 679850, at *3 n.1 (noting motions to strike are disfavored and the favored response to such a motion is for the defendant to seek leave to amend).

I also reviewed Plaintiff's motion and it appears that it is not completely without merit. If I were to file a separate report and recommendations (as opposed to this order, *see supra* n.1) recommending that the District Court strike any of Defendant's affirmative defenses, however, I would recommend that it do so without prejudice. It would be unjust at this relatively early point in the process to prevent Defendant from asserting any plausible affirmative defense to which he may be entitled. If the District Court were to adopt such a recommendation, Defendant would be free later to file precisely what he seeks to file now through his motion to amend. Moreover, to the extent any purported affirmative defense is actually a mislabeled denial, I would not recommend granting Plaintiff's motion. I would instead recommend that the District Court merely treat it as denial. *Gonzalez*, 2009 WL 2391233, at *2.

To avoid wasting any more time or resources, I am permitting Defendant to amend his affirmative defenses now. I am also, in an effort to avoid unnecessary motion practice concerning the amended affirmative defenses, suggesting that Defendant keep in mind the points discussed above about the nature of an affirmative defense and how it is properly alleged.

**IV.    Conclusions**

It would have been useful to the Court had Defendant filed his proposed amendments as an exhibit to his motion.  Notwithstanding that omission, justice clearly requires that Defendant's motion be granted.  That reality also obviates the need to treat Defendant's motion as a separate motion and to allow the regular briefing schedule to expire.  That said, I do not believe Defendant requires twenty-days to file an amendment.  Preparation of his amended affirmative defenses should be a relatively simple exercise, especially because he presumably already considered what these defenses should be before filing his motion seeking leave to file amended defenses.  Because an order granting Defendant's motion moots Plaintiff's motion, I am denying as moot Plaintiff's motion to strike affirmative defenses.  Therefore, by way of summary, I am:

(1) **granting** Defendant's motion for leave to amend (DE#97);

(2) allowing Defendant seven (7) days to file an amended answer with amended affirmative defenses;

(3) reminding Defendant to keep in mind the general principles regarding affirmative defenses discussed above; and

Case No. 07-23381-CIV-GOLD/GOODMAN

(4) **denying as moot** Plaintiff's motion to strike (DE# 95).

**DONE and ORDERED**, in Chambers, in Miami, Florida, this 25th day of April, 2011.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan S. Gold

Stephen L. White, *pro se*

All counsel of record