UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-23381-CIV-GOLD/GOODMAN

STEPHEN L. WHITE,

    Plaintiff,
v.

DET. DE LA OSA,

    Defendant.

_____

### ORDER ON DEFENDANT DE LA OSA'S MOTIONS TO COMPEL

This cause is before me on two motions to compel filed by Defendant Detective Rolando De La Osa.[1] (DE# 106; DE# 107.) For the reasons discussed below, Defendant's latter-filed motion to compel (DE# 107) is **GRANTED IN PART** and Defendant's earlier-filed motion to compel (DE# 106) is **DENIED AS MOOT**. Plaintiff Stephen L. White shall have twenty days to serve supplemental interrogatory answers on Defendant, but Defendant's request for attorney's fees is **DENIED**.

### I. Background

This is an action for false arrest and malicious prosecution brought pursuant to 42 U.S.C. § 1983 by Plaintiff against Defendant, a Miami-Dade County Police Department detective. (DE# 91.) Pursuant to the District Court's order on January 20, 2011, Plaintiff filed a third amended complaint and Defendant filed an answer and affirmative defenses on February 15, 2011, and March 11, 2011, respectively.

---

[1] The District Court referred these motions to the Undersigned for resolution pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules for the Southern District of Florida. (DE# 108.)

Defendant then served Plaintiff with his First Set of Interrogatories on March 29, 2011. (DE# 107, p. 1.) Instead of responding to these interrogatories, Plaintiff filed a request for an additional thirty days to respond. (DE# 102.) The Court granted this motion in part by giving Plaintiff an additional ten days to respond. (DE# 105.) Plaintiff's responses were, as a result, due no later than May 28, 2011. (*Id.*) According to Defendant, Plaintiff did not respond by that date and therefore Defendant filed the first motion to compel responses on June 16, 2011. (DE# 106.) Plaintiff did eventually attempt to respond on or about June 10, 2011, by sending responses to the Clerk of Court. (DE# 107-1.) Defendant states that on June 21, 2011, he eventually received Plaintiff's responses directly from the Clerk's Office. (DE# 107, p. 2.)

Defendant filed his second motion to compel more complete responses after reviewing the late-received responses. (*Id.*) Defendant argues that Plaintiff's responses to interrogatory numbers 1, 5, 8, 11, 12, 13, 20, and 21 are incomplete and inadequate. Plaintiff did not file a response to either motion to compel and the time for filing a response is now expired.

**II.   Analysis**

    **a.  Interrogatory Number 1**

This interrogatory requests Plaintiff to:

> Provide the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have, knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action. For each person, state the specific nature and substance of the knowledge or information the person may have.

(DE# 107, p. 2.) In response, Plaintiff provided several names, addresses, and other pieces of witness-identifying information, as well as descriptions of what these witnesses knew. (DE# 107-2, pp. 5-7.) Plaintiff added that "For other 'names, addresses, (etc) . . . whom . . . may have

knowledge or information pertaining to any fact alleged in the pleadings . . .' See State v. White, No. 04-5266 (State's Discovery)." (*Id.* at 6-7 (ellipsis in original).)  Plaintiff added "These records are readily accessible to the Defendant." (*Id.* at p. 7.)

Defendant states that he is not an employee of the State Attorney's Office and therefore does not already have this document.  Defendant argues that Plaintiff should be required to provide more specific answers containing the precise information requested.  The Court agrees with Defendant.

If there are, in fact, other witnesses not specifically mentioned in Plaintiff's response, Defendant is entitled to know the requested categories of information.  Consequently, Plaintiff shall serve a supplemental response on Defendant within 20 days of this order.  In the supplemental response, Plaintiff must provide the requested information regarding any witnesses not already specifically identified in his original response.  Plaintiff is cautioned that if he fails to comply with this order, he may be barred from calling these witnesses at trial.

### b. Interrogatory Number 5

This interrogatory requests Plaintiff to:

> Identify each and every judicial proceeding with which you have been involved, including both civil and criminal actions, and for each, identify the style; your status as plaintiff, defendant, or witness; the case number; jurisdiction; a general description of the subject matter of the action; your involvement in the action; and the disposition of the action, if any, including any monetary compensation received by any party to the civil case(s), or any convictions and/or sentences imposed on you or any party with whom you are or were affiliated in the criminal case(s).

(DE# 107, p. 3.)  In response, Plaintiff merely attached a two-page printout dated March 6, 2004, from the Miami-Dade County Clerk of Court's website. (DE# 107-2, pp. 11-13.)  This printout only contains information about a single criminal case where Plaintiff was the defendant.

Defendant argues this response is inadequate and Plaintiff should be compelled to provide more information because the printout does not describe Plaintiff's involvement in that case, the printout is more than seven years old and the printout is limited to a single case in Miami-Dade County. Defendant also notes that this document provides no information about the present case and does not state whether Plaintiff has been involved in any civil or criminal actions since March 6, 2004.

The Court agrees with Defendant. Plaintiff shall serve a supplemental response to interrogatory number 5 on Defendant within twenty days. In his supplemental response, Plaintiff shall provide all information requested in interrogatory number 5.

### c. Interrogatory Number 8

This interrogatory states:

> Have you ever been arrested? If so, for each such instance please describe the circumstances surrounding the arrest(s), including the date of the arrest(s), the city and state where the arrest occurred, the charge upon which you were arrested, the names of all witnesses and/or complainants involved in the arrest(s) as well as the names of the law enforcement personnel and agencies involved in the arrest(s).

(DE# 107, p. 4.) Plaintiff responded only "See Interrogatory Number 5." (DE# 107-2, p. 16.) This response is inadequate for the same reasons that his response to interrogatory number 5 was inadequate. Consequently, Plaintiff shall serve a supplemental response to interrogatory number 8 on Defendant within twenty days that provides all of the information requested in interrogatory number 8.

      **d. Interrogatory Number 11**

This interrogatory states:

> Have you ever been diagnosed with or treated for a mental illness or disorder (including depression)? If so, please state what you were diagnosed with, the name and address of the person who diagnosed you, and what treatment you underwent. Please include in your answer whether you are still receiving treatment for the illness or disorder.

(DE# 107, p. 4)  Plaintiff responded "See Institution Mental Health Services for DOC & GEO.  I am still undergoing psychological treatment."  (DE# 107-2, p. 19.)  Defendant argues this response is incomplete because it does not directly answer whether Plaintiff has been diagnosed with or is being treated for any mental illness and, if so, what the diagnosis was and who is treating him.  (DE# 107, pp. 4-5.)  The Court agrees this response is incomplete.  Plaintiff is therefore ordered to serve a supplemental response to interrogatory number 11 on Defendant within twenty days that provides all of the information requested in interrogatory number 11.

      **e. Interrogatory Number 12**

This interrogatory states:

> If you are claiming emotional or psychological injury, please state the nature of such injury and how it impacts your life. If you have undergone treatment or counseling for your emotional or psychological injury, please state the name and address of the person who treated or counseled you and state whether you are still undergoing treatment or counseling.

(DE# 7, p. 5.)  In response, Plaintiff stated "See Institution Mental health Services for DOC and GEO.  The Plaintiff is suffering from continuance [sic] nightmares, anxiety attacks and emotional distress."  Defendant argues that this does not fully answer the request because, for example, it does not identify the name or address of any treatment provider.  (DE# 107, p. 5.)

The Court agrees with Defendant. Plaintiff shall serve a supplemental response to interrogatory number 12 on Defendant within twenty days that provides all of the information requested in interrogatory number 12.

### f. Interrogatory Number 13

This interrogatory states:

> Have you ever been treated by a psychiatrist or psychologist? If so, please state the name and address of the psychiatrist or psychologist and whether you are still undergoing treatment.

(DE# 107-2, p. 21.) Plaintiff responded simply that Defendant should "See Institution Mental Health Services for DOC and GEO." This response is incomplete for the same reasons that Plaintiff's responses to interrogatory numbers 11 and 12 are incomplete. Consequently, Plaintiff shall serve a supplemental response on Defendant within twenty days that provides all of the information requested in interrogatory number 13.

### g. Interrogatory Number 20

This interrogatory asks Plaintiff to:

> Describe in detail when, where, and how you purportedly provided Defendant with an alibi defense as described in the Third Amended Complaint.

(DE# 107-2, p. 28.) Plaintiff responded that Defendant should "See Alibi Defense Hearing and Ms. Sharon Prichett Chief Public Defender Investigator." (*Id.*) Defendant argues that this response "Completely fails to answer the interrogatory because it does not describe when, where, or how Plaintiff provided an alibi defense to Defendant." The Court agrees. Plaintiff shall therefore serve a supplemental response on Defendant within twenty days that provides all of the information requested in interrogatory number 20.

Case 1:07-cv-23381-ASG   Document 109   Entered on FLSD Docket 07/22/2011   Page 7 of 8

Case No. 07-23381-CIV-GOLD/GOODMAN

### h. Interrogatory Number 21

This interrogatory asks Plaintiff to:

> Describe in detail where, and how Defendant purportedly procured and/or manufactured Witness Dwight Mizzell.

(DE# 107-2, p. 29.) Plaintiff responded "See Interrogatory Number 9." (*Id.*) Plaintiff's answer to Interrogatory number 9, in turn, provides:

> During 2005, Dwight Mizzell did informed [sic] the Plaintiff that the Defendant had gotten him to falsely accuse the Plaintiff. It was not long afterward that (two or three months) that the case was nolle prosqui. This happen [sic] at freedom supermarket, a store on 22 Ave & Rutland St. Mizzell came up to me, first apologizing and then explaining that in fact he was not present when the homicide occurred, only arriving upon the crime scene after the facts. Mizzell conveyed that the indication from the police was that they wanted the Plaintiff convicted of the charge in the worst way and he was promised a cash reward he never received.

(*Id.* at p. 17.) Plaintiff argues that this response lacks sufficient detail. The Court agrees.

While this response may not be entirely unresponsive, it is sufficiently ambiguous to require a supplemental response. For instance, it is unclear whether Plaintiff's reference to "the police" includes Defendant. The response is also somewhat vague in that it does not provide any details regarding what specifically, if anything, Defendant instructed Mizzell to say. Plaintiff shall therefore serve a supplemental response on Defendant within twenty days that provides all of the details requested in interrogatory number 21. Plaintiff should try to provide as many details as possible regarding the manner in which *Defendant*, as opposed to other police officers, specifically procured and/or manufactured Mizzell as a witness.

### III. Conclusions

Defendant's motion to compel complete responses (DE# 107) is granted. Plaintiff shall provide Defendant with supplemental responses to interrogatories number 1, 5, 8, 11, 12, 13, 20, and 21 as directed above. To the extent Plaintiff does not know any or all information requested

by the interrogatories, Plaintiff must indicate that fact in his supplemental responses. However, Plaintiff is cautioned that should he represent that he does not know the information, Plaintiff may be barred from relying on that information as evidence on summary judgment or at trial, unless Plaintiff promptly supplements his response and mails a copy of that supplemental information to Defendant in advance.[2]

Defendant's earlier-filed motion to compel responses to interrogatories (DE# 106) is denied as moot because Plaintiff already responded.

Defendant's request for attorney's fees is denied. Though his responses were late, Plaintiff made some effort to respond originally. Moreover, Plaintiff is incarcerated and is proceeding *pro se*, and Defendant candidly acknowledges he was unable to confer with Plaintiff before filing the motions.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 22nd day of July, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Alan S. Gold
Stephen L. White, *pro se*
All counsel of record

---

[2] Some of Plaintiff's responses suggest Plaintiff believes that Defendant, merely by virtue of working for the Police Department, has ready access to all government records. Plaintiff should be advised that this may not always be the case and therefore, unless Plaintiff can provide a copy of a referenced document directly to Defendant (and that document also fully responds to an interrogatory), Plaintiff must provide the requested information by way of written interrogatory answer.