UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-23381-CIV-GOLD/GOODMAN

STEPHEN L. WHITE,

    Plaintiff,

v.

DET. DE LA OSA,

    Defendant.

_____

**ORDER ON DEFENDANT'S MOTION TO COMPEL AND DEFENDANT'S**

**NOTICE OF PLAINTIFF'S FAILURE TO COMPLY WITH COURT ORDERS**

This cause is before me on (DE# 111) Defendant's Motion to Compel Plaintiff to Respond to Defendant's Request for Production of Documents and (DE# 123) Defendant's Notice of Plaintiff's Failure to Comply with Court Orders. For the reasons described below, Defendant's motion to compel is **DENIED AS MOOT** and the Court also **DENIES** Defendant's request for discovery sanctions.[1]

---

[1]     Magistrate judges may issue an order on any "a pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P 72(a). Such an order may not be set aside unless it "is clearly erroneous or is contrary to law." *Id.* Thus, magistrate judges have jurisdiction to enter sanctions orders for discovery failures which do not strike claims, completely preclude defenses or generate litigation-ending consequences. Practice Before Federal Magistrates, § 16.06A (Mathew Bender 2010) ("discovery sanctions are generally viewed as non-dispositive matters committed to the discretion of the magistrate unless a party's entire claim is being dismissed").

    In determining between dispositive and non-dispositive discovery sanctions, the critical factor is what sanction the magistrate judge *actually imposes*, rather than the one *requested* by the party seeking sanctions. *Gomez v. Martin Marietta Corp.,* 50 F.3d 1511, 1519-20 (10th Cir. 1995) (rejecting argument that magistrate judge ruled on dispositive motion because litigant sought entry of a default judgment and explaining that "[e]ven though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction," then the order is treated as not dispositive under Rule 72(a)); Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3068.2, at 342-44 (West 1997).

This order brings final resolution to a series of issues relating to Plaintiff's failure to provide timely discovery responses. On June 23, 2011, Defendant moved the Court to compel Plaintiff to provide more-complete responses to Defendant's interrogatories. (DE# 107.) The Court granted this motion on July 22, 2011 to the extent that Plaintiff was ordered to serve more-complete supplemental responses within twenty days. (DE# 109.) Defendant then filed a motion to compel responses to Defendant's requests for production on August 2, 2011. (DE# 109.) Because the discovery deadline was fast approaching, the Court ordered Plaintiff to respond to the latter motion to compel on an expedited briefing schedule. (DE# 112.)

Plaintiff did not respond by the expedited deadline and, pursuant to the order setting that expedited deadline, Defendant filed a notice informing the Court that Plaintiff neither served a motion response nor served the outstanding discovery responses. (DE# 115.) Around the same time, Defendant also filed a notice informing the Court that Plaintiff never provided more-complete interrogatory responses, as required by the Court's July 22, 2011 order. (DE# 114.)

While reviewing Defendant's two notices, the Court realized that Plaintiff had been transferred to a new prison. The Court speculated that Plaintiff's failure to comply with its orders may have been unintentional and due to the transfer, a reality entirely outside of Plaintiff's control. Therefore, on August 23, 2011, the Court *sua sponte* provided Plaintiff with an additional thirty days to serve more-complete interrogatory answers and until September 9, 2011 to respond to Defendant's requests for production. (DE# 117.) In that same order (DE# 117), the Court stated that if Plaintiff did not serve the required responses, then Defendant should file a notice informing the Court of that fact on or before September 24, 2011 (as to the interrogatories) and on or before September 12, 2011 (as to the requests for production). The

---

Therefore, in situations such as this, where a magistrate judge is declining to award a claim dispositive discovery sanction, a magistrate judge does not exceed his authority.

Court also provided Defendant with an extension until October 1, 2011 to file any additional discovery motions. (*Id.*)

On August 26, 2011, Plaintiff requested an extension of time to serve more-complete interrogatory responses. (DE# 119.) The Court denied this motion as moot since the requested extension was actually shorter than the extension the Court already granted on August 23, 2011. (DE# 121.) Plaintiff next filed a *timely* response to Defendant's motion to compel responses to Defendant's requests for production on September 9, 2011. (DE# 122.) In his response, Plaintiff stated that he currently had limited access to the documents necessary to respond but that he anticipated responding by September 20, 2011. (*Id.*)

On September 23, 2011, Defendant filed a Notice of Plaintiff's Failure to Comply with Court Orders. (DE# 123.) In his notice, Defendant explained that Plaintiff never served more-complete interrogatory answers and requested that the Court dismiss Plaintiff's claims and award Defendant attorneys fees and costs as a sanction for violating the prior court orders (DE# 109; DE# 117) requiring these responses. Defendant did not contend in that notice that Plaintiff failed to respond or responded insufficiently to Defendant's requests for production and Defendant never previously filed such a notice.[2]

On or about September 27, 2011, the Clerk of Court received in the mail a copy of "Plaintiff's Supplemental Responses for Interrogatory [sic] 1, 5, 8, 11, 12, 13, 20, 21." (DE# 125.) This filing contains a certificate of service indicating that on September 21, 2011 Plaintiff mailed a copy of his supplemental responses to Defendant. However, the attached verification indicates the responses were verified on September 22, 2011. Plaintiff was required to serve

---

[2]   To be clear, Defendant previously filed a notice on August 19, 2011 contending Defendant never responded to the requests for production. (DE# 115.) However, the Court provided Plaintiff with an extension to respond these requests for production until September 9, 2011 and ordered Defendant to renew its motion to compel responses to requests for production by September 12, 2011, if necessary. (DE# 117.) Defendant never renewed the motion.

3

these responses by September 22, 2011. (DE# 117.) The Court does not know whether Plaintiff actually mailed these responses to Defendant on either date because Defendant did not file an amended notice when the responses were uploaded on September 27, 2011.

Under Federal Rule of Civil Procedure 5(b)(2)(c), service is complete upon the mailing of a document to the party's last known address. *See also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (federal courts deem a document filed by an inmate when it is delivered to prison authorities for mailing absent evidence to the contrary; delivery date is assumed to be signature date). Whether Plaintiff actually mailed his supplemental interrogatory responses on September 21st, as the certificate of service indicates, or on September 22nd, as the verification states, is irrelevant. As I discuss below in greater detail, the important thing is that he mailed them at least by September 22, 2011.

It does not strike the Court as unreasonable to assume that it took a total of five days for (1) Plaintiff to place his interrogatory responses in the prison mail (presumably on September 22, 2011), (2) for the prison to transfer the documents to the United States Postal Service, and then (3) for the United States Postal Service to deliver the documents to the Clerk's office. If Defendant had mailed the responses directly to Plaintiff (and the Court has no grounds to believe that he did not do), then there is no reason to suspect that the delivery time would have been any shorter. In other words, Defendant would likely not have received the supplemental responses until September 27, 2011 whether the form of receipt was a hard copy delivery directly from Plaintiff or in the form of an email from the CM/ECF system indicating that the document was ready for download online.[3]

---

[3] The Court acknowledges that, had Defendant waited even until the last minute to files its notice (DE# 123), Defendant would still have filed the notice before realizing that Plaintiff, in fact, served responses. But the Courts suggests that the better practice in this situation is to file an amended notice updating a party's position once a potentially game-changing document is

4

In sum, it appears to the Court that, even if Plaintiff only mailed his responses to the Clerk's office, then the Defendant suffered no harm because of it. The end result is precisely the same – Defendant received more-complete interrogatory responses on the same date he would have obtained them had Plaintiff also served a copy directly on Defendant.

The Court therefore **DENIES** (DE# 111) Defendant's motion to compel as **MOOT**. Under my prior order (DE# 117), Defendant would still have two additional days to file another motion to compel if Defendant believes Plaintiff's supplemental interrogatory responses are deficient. While the better practice would have been to file a follow-up notice indicating whether his motion to compel (DE# 111) was mooted by Plaintiff's supplemental response, the Undersigned understands that Defendant may have also reasonably decided the better course was to wait for a ruling on its first notice. As a result, the Court hereby **ORDERS** that Defendant shall now have an additional **TEN DAYS** from today's date to file a renewed motion to compel *solely* relating to the supplemental interrogatory responses, if Defendant believes such a motion is necessary.

Further, the Court assumes that, given Defendant's decision not to file an additional notice regarding Plaintiff's responses to his requests for production by the September 12, 2011 deadline, that Defendant is satisfied with Plaintiff's responses. Defendant may still, if he believes appropriate, file an appropriate discovery motion relating to those responses within the one day remaining until the extended discovery motion deadline. (*See* DE# 117.)

Given Plaintiff's apparently timely response in compliance with the September 22, 2011 deadline for service of more-complete interrogatory responses and the lack of any indication as to a remaining issue with Defendant's requests for production, the Court **DENIES** Defendant's request to sanction Plaintiff by dismissing his claims and awarding attorneys fees and costs. The later filed.

Undersigned understands that Plaintiff's inconsistent and sometimes tardy responses to discovery requests may be frustrating, but there is no evidence that Plaintiff is intentionally flaunting the orders or the rules of this Court. Plaintiff's demonstrated ability to respond appears to be consistent with the Undersigned's experience involving *pro se*, incarcerated litigants.

In light of the late resolution of these discovery issues, the Court also hereby **ORDERS** and **ADJUDGES** that the Court's March 25, 2011 Supplemental Scheduling Order is modified as follows:

(1) All **dispositive motions**, including motions for summary judgment, must now be filed by **November 14, 2011**.

(2) Plaintiff shall file a **pretrial statement** by **December 1, 2011**. Plaintiff is instructed to review the Court's Supplemental Scheduling Order (DE# 94, ¶ 4) for additional instructions. **The Plaintiff is cautioned that failure to file a pretrial statement may result in dismissal of this case for lack of prosecution**.

(3) Defendant shall file his own pretrial statement by **December 15, 2011**.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 30th day of September, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**The Honorable Alan S. Gold**
**Stephen L. White**, *pro se*
DC# 846849
Jefferson Correctional Institution
1050 Big Joe Road
Monticello, Florida 32344-0430
**All counsel of record**