UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-23381-CIV-GOLD/GOODMAN

STEPHEN L. WHITE,

    Plaintiff,

v.

DET. DE LA OSA,

    Defendant.

_____

**ORDER VACATING, IN PART, PRIOR ORDER (DE# 132) REQUIRING EXPEDITED RESPONSE AND RESPONSE TO REQUESTS FOR PRODUCTION**

This cause is before me again on (DE# 129) Defendant's Motion to Extend Discovery by 120 Days Solely for Defendant to Conduct Additional Discovery Due to Plaintiff's Failure to Comply with his Discovery Obligations and Defendant's requests for production. This order **supplements in part** and **vacates in part** my previous order (DE# 132), as described below.

Earlier today, the Undersigned entered an order requiring Plaintiff to respond to Defendant's requests for production within 14 days. (DE# 132.) Simultaneously with my entering that order, the Clerk of Court uploaded several new filings onto the CM/ECF system, including Plaintiff's responses to Defendant's requests for production.[1] (DE# 130.) These responses moot the requirement in my earlier order (DE# 132) that Plaintiff file the same responses within 14 days. Consequently, the Undersigned hereby **vacates in part** that order (DE# 132) to the extent of that requirement. Plaintiff need **not** re-serve or re-file his responses to the document requests.

In my order dated August 23, 2011, I ordered Plaintiff to serve these responses no later than September 9, 2011. (DE# 117.) But the certificate of service on his responses indicates

---

[1] Because Plaintiff is incarcerated and proceeding *pro se*, Plaintiff mails paper copies of his filings to the Court and the Clerk of Court uploads the filings onto the CM/ECF system. In contrast, a typical attorney filer will upload documents directly on the CM/ECF system, which results in instantaneous delivery to the Court and all other parties.

1

Plaintiff did not mail the responses until September 29, 2011.  (DE# 130, p. 8.)  Given the untimely nature of these responses and Defendant's most recent notice informing the Court that Defendant had not yet received the responses (DE# 128), Defendant's position on the sufficiency of these responses is unclear.  Consequently, Defendant may, if he wishes, file an appropriate discovery motion relating to the sufficiency of Plaintiff's document request responses within **ten days**.

    To summarize:

    (1) The Undersigned's previous order (DE# 132) is vacated to the extent that Plaintiff, having already responded to Defendant's requests for production, need not file another response pursuant to the earlier order.

    (2) The Undersigned's previous order (DE# 132) is supplemented to the extent that Defendant may file, if he wishes, an appropriate discovery motion relating to the sufficiency of Plaintiff's responses to his requests for production (DE# 130).

The requirement in my earlier order (DE# 132) that Plaintiff must file an expedited response to Defendant's motion for extension of the discovery period (DE# 129) remains in effect.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 3rd day of October, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**The Honorable Alan S. Gold**
**Stephen L. White**, *pro se*
DC# 846849
Jefferson Correctional Institution
1050 Big Joe Road
Monticello, Florida 32344-0430
**All counsel of record**