**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 07-23381-CIV-GOLD/GOODMAN

STEPHEN L. WHITE,

    Plaintiff,
v.

DET. DE LA OSA,

    Defendant.
_____

**ORDER ON DEFENDANT DE LA OSA'S**

**RENEWED MOTION TO COMPEL INTERROGATORY RESPONSES**

This cause is before me on Defendant Detective Rolando De La Osa's Renewed Motion to Compel Complete Responses to Defendant's Interrogatories. [ECF No. 137]. Plaintiff did not file a response and the time for doing so has now expired. For the reasons discussed below, Defendant's motion to compel is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Stephen L. White shall have twenty days to serve a second set of supplemental interrogatory responses on Defendant as detailed below, but Defendant's request for attorney's fees and other sanctions is **DENIED**.

    **I.**    **Background and Introduction**

This is an action for false arrest and malicious prosecution brought pursuant to 42 U.S.C. § 1983 by Plaintiff against Defendant, a Miami-Dade County Police Department detective. [ECF No. 91]. Defendant previously moved to compel better responses to the same interrogatories and the Court granted that motion. [ECF Nos. 107; 109]. The Court then extended the Plaintiff's time to serve supplemental responses until September 22, 2011. [ECF

No. 117].[1] Plaintiff subsequently served timely supplemental responses but Defendant contends that the supplemental responses to interrogatory numbers 1, 5, 8, 11, 12, 13, and 21 are still incomplete and inadequate

To a great extent, the Undersigned agrees that Plaintiff's supplemental responses are insufficient and that Defendant is entitled to better answers. Plaintiff has had more than ample opportunity to fulfill his discovery obligations. The Court understands that Plaintiff is proceeding *pro se* – but the Court has already taken his status into consideration on earlier discovery motions filed against him. The Court is concerned that Plaintiff either does not appreciate his obligation to provide complete responses to relevant discovery requests or has not yet adequately explained his inability to comply (assuming that this explanation accounts for some of the deficiencies).

As noted below, the Court is providing Plaintiff with additional leeway to fully comply with his discovery obligations, but the Court's willingness to continue its flexible approach is exhausted and Plaintiff is on notice that his discovery shortcomings will soon generate significant and adverse consequences if he does not fully and timely comply with this latest order compelling discovery responses from him.

Plaintiff shall therefore have **twenty days** from today's date **to serve** a second set of supplemental responses on Defendant (as detailed further below on an interrogatory-by-interrogatory basis).

---

[1] In his motion, Defendant states that "For a second time, plaintiff flouted this Court's order, failing to respond by the August 11th deadline." [ECF No. 137, p. 2]. August 11, 2011 was the deadline originally given in the Order on Defendant De La Osa's Motions to Compel, but this deadline was *extended* to September 22, 2011 in my Preliminary Order on Defendant's Motion to Compel Responses to Requests for Production and Plaintiff's Failure to Comply with Prior Court Orders. [ECF Nos. 109; 117]. In a later order, I discussed the confusion over whether Plaintiff served a timely response and concluded that he did. [ECF No. 127, pp. 2-4].

Although I am ordering a second supplemental response, the Undersigned is concerned that Plaintiff may simply not know all of the requested information or may be unable to access it. If that is the case, then Plaintiff should clearly state in his second supplemental response that he **either does not know or cannot obtain the requested information and also specifically detail the efforts he made to obtain the requested information**.

Plaintiff is cautioned, however, that if he does not provide the information as ordered below (or does not provide a legitimate reason excusing for his failure to provide this information), then, should this case proceed toward trial, the Undersigned will recommend that the District Court preclude Plaintiff from using that information in any form on summary judgment or during the trial if Plaintiff could have, but did not, include the information in his second supplemental responses.

## II. Analysis

### a. Interrogatory Number 1

This interrogatory requests Plaintiff to:

> Provide the name, address, telephone number, place of employment and job title of any person who has, claims to have, or whom you believe may have, knowledge or information pertaining to any fact alleged in the pleadings filed in this action, or any fact underlying the subject matter of this action. For each person, state the specific nature and substance of the knowledge or information the person may have.

[ECF No. 137, p. 2]. In his original response dated June 9, 2011, Plaintiff provided several names, addresses, and other pieces of witness-identifying information, as well as descriptions of what these witnesses knew. [ECF No. 107-2, pp. 5-7]. But he added that "For other 'names, addresses, (etc) . . . whom . . . may have knowledge or information pertaining to any fact alleged

3

in the pleadings . . .' See State v. White, No. 04-5266 (State's Discovery)," and he then simply noted those records are not available to him. [*Id.* at 6-7 (ellipsis in original)].

Defendant now complains that the supplemental response to this interrogatory is insufficient because Plaintiff "provides only the names and occupations of nineteen of the witnesses he lists." [ECF No. 137, p. 3]. Defendant also notes that Plaintiff does not describe the information these individuals possess.

Defendant's motion is granted as to interrogatory number 1. The Undersigned agrees that Plaintiff's supplemental response is insufficient as to these nineteen witnesses. Plaintiff is required to provide at least some description of the substance of these witnesses' knowledge or information. Therefore, Plaintiff must serve a second supplemental response, containing the specific information requested in Defendant's first interrogatory, within 20 days of today's date. As noted above, if Plaintiff does not know the requested information then Plaintiff shall clearly and simply state that he does not know.

### b. Interrogatory Number 5

This interrogatory requests Plaintiff to:

> Identify each and every judicial proceeding with which you have been involved, including both civil and criminal actions, and for each, identify the style; your status as plaintiff, defendant, or witness; the case number; jurisdiction; a general description of the subject matter of the action; your involvement in the action; and the disposition of the action, if any, including any monetary compensation received by any party to the civil case(s), or any convictions and/or sentences imposed on you or any party with whom you are or were affiliated in the criminal case(s).

[ECF No. 107, p. 3]. In his original response, Plaintiff merely attached a two-page printout dated March 6, 2004, from the Miami-Dade County Clerk of Court's website. [ECF No. 107-2, pp. 11-13]. This printout contained information about only a single criminal case in which Plaintiff was the defendant.

In contrast to his original response to interrogatory number 5, Plaintiff's supplemental response is far more comprehensive. Plaintiff provides a detailed list of 17 criminal cases in which Plaintiff was a defendant. Defendant contends that this response is inadequate because Plaintiff does not state whether he was ever a witness in any judicial proceeding and, as to five specified case numbers, provides insufficient details regarding the charges against him and the resolution of the case. [ECF No. 137, pp. 3-4].

Defendant's motion is granted in part and denied in part as to this interrogatory. Plaintiff must serve a second supplemental response containing the requested information regarding any judicial proceeding in which Plaintiff has been a *witness*. However, the Court finds that the remainder of Plaintiff's response sufficiently details Plaintiff's criminal history and that, to the extent Defendant requires additional detail, the records are readily, freely, and equally available to Defendant online or in hard copy from the Miami Dade County Clerk of Court.

### c. Interrogatory Number 8

This interrogatory states:

> Have you ever been arrested? If so, for each such instance please describe the circumstances surrounding the arrest(s), including the date of the arrest(s), the city and state where the arrest occurred, the charge upon which you were arrested, the names of all witnesses and/or complainants involved in the arrest(s) as well as the names of the law enforcement personnel and agencies involved in the arrest(s).

[ECF No. 107, p. 4]. Plaintiff responded originally with only "See Interrogatory Number 5." [ECF No. 107-2, p. 16]. Plaintiff served a supplemental response, containing the exact same one-sentence answer and it is again inadequate for the same reasons. Consequently, Plaintiff shall serve on Defendant a supplemental response to interrogatory number 8 within twenty days. This supplemental response shall provide all of the missing information requested in interrogatory number 8.

It is clear, however, that this interrogatory overlaps in part with interrogatory number 5. To the extent that Plaintiff's response is the same to both interrogatories then Plaintiff may incorporate that portion of his interrogatory number five supplemental response by reference. For example, if every time Plaintiff was arrested a criminal prosecution was commenced (and therefore a formal judicial proceeding occurred), Plaintiff may simply state as much and refer Defendant to the information in his response to interrogatory number five.  Plaintiff is nevertheless cautioned that interrogatory number eight asks, at least in part, for different information than interrogatory number five, such as witness names and **arrests that did not result in formal criminal proceedings** against Plaintiff, and Plaintiff is obligated to respond fully to the entire interrogatory.

### d.  Interrogatory Number 11

This interrogatory states:

> Have you ever been diagnosed with or treated for a mental illness or disorder (including depression)? If so, please state what you were diagnosed with, the name and address of the person who diagnosed you, and what treatment you underwent. Please include in your answer whether you are still receiving treatment for the illness or disorder.

[ECF No. 107, p. 4].  Plaintiff originally responded "See Institution Mental Health Services for DOC & GEO.  I am still undergoing psychological treatment."  [ECF No. 107-2, p. 19].  The Court agreed with Defendant that this response was incomplete because it does not directly answer whether Plaintiff has been diagnosed with any mental illness and, if so, what the diagnosis was and who is treating him.  [ECF No. 109, p. 5].

In his supplemental response, Plaintiff stated that he was restricted from obtaining his prison treatment records by the Florida Department of Corrections' rules and regulations.  He also attached a copy of a prison request he made for his psychological records.  This request was

denied, but the official who responded to the request indicated that the records would be produced pursuant to a court order.

Defendant's motion is granted with regard to this interrogatory. While in certain circumstances the production of records could satisfy this request, the discovery request at issue here is an interrogatory and does not expressly require the identification of records. In addition, it appears that Plaintiff does not have any records concerning prior mental health treatment or cannot obtain copies. The interrogatory merely asks Plaintiff to explain whether he has ever been diagnosed or treated for a mental illness or disorder and, if so, to provide certain supporting details. Plaintiff must provide this information or, if he does not know this information, state that he does not know it. Consequently, Plaintiff shall serve a second supplemental response to interrogatory number 11 on Defendant within twenty days that provides all of the requested information. If Plaintiff knows that he has been diagnosed with a mental disorder but is unsure of the specific, technical name, then he shall say what he does know – including the name of the institution and the names of the doctors who made the diagnosis.

The Court notes that Plaintiff did try to obtain his prison psychological records and the Florida Department of Corrections indicated they would produce records if served with a Court order. To the extent that it may alleviate Defendant's concerns regarding Plaintiff's response to this interrogatory, the Court encourages Defendant to seek an order compelling the Department of Corrections to turn Plaintiff's records over to Defendant. Obtaining an order would eliminate the need to litigate a potential Department objection to a subpoena.

e. **Interrogatory Number 12**

This interrogatory states:

> If you are claiming emotional or psychological injury, please state
> the nature of such injury and how it impacts your life. If you have

7

>   undergone treatment or counseling for your emotional or psychological injury, please state the name and address of the person who treated or counseled you and state whether you are still undergoing treatment or counseling.

[ECF No. 7, p. 5]. In his original response, Plaintiff stated "See Institution Mental health Services for DOC and GEO. The Plaintiff is suffering from continuance [sic] nightmares, anxiety attacks and emotional distress." The Undersigned agreed that the response did not fully answer the request because, for example, it does not identify the name or address of any treatment provider. [ECF No. 109, pp. 5-6].

Plaintiff's supplemental response is better than his original answer, in that it contains what appears to be a genuine list of perceived psychological ailments that Plaintiff claims resulted from Defendant's actions. However, completely omitted is any information describing past **treatment** or the identities of the current treatment **providers**.[2] Plaintiff must therefore serve a second supplemental response to interrogatory number 12 on Defendant within twenty days that provides all of the information requested in interrogatory number 12. Plaintiff may, of course, incorporate by reference portions of his second supplemental response to interrogatory number 11, if in fact the referenced material is truly also responsive to interrogatory number 12. But, if there are gaps between the incorporated-by-reference information provided in response to Interrogatory 11 and the information required to be provided here, then Plaintiff shall provide the information which has not already been provided (i.e., he shall provide all responsive information not encompassed by the overlap between the two interrogatories).

---

[2] Plaintiff indicated that he was currently receiving treatment in his original response to interrogatory number 11

### f. Interrogatory Number 13

This interrogatory states:

> Have you ever been treated by a psychiatrist or psychologist? If so, please state the name and address of the psychiatrist or psychologist and whether you are still undergoing treatment.

[ECF No. 107-2, p. 21]. Plaintiff originally responded simply that Defendant should "See Institution Mental Health Services for DOC and GEO." The Undersigned concluded that this response was incomplete for the same reasons that Plaintiff's original responses to interrogatory numbers 11 and 12 were incomplete.

In his supplemental response, Plaintiff describes four prison facilities at which he received psychological or psychiatric treatment as well as the names of treatment providers at three of these facilities. However, and as pointed out by Defendant, Plaintiff does not indicate **whether he is *still* undergoing treatment by the providers at these facilities**. Consequently, Defendant's motion is granted as to this interrogatory and Plaintiff shall serve a second supplemental response on Defendant within twenty days that provides all of the information requested in interrogatory number 13.[3]

### g. Interrogatory Number 21

This interrogatory asks Plaintiff to:

> Describe in detail where, and how Defendant purportedly procured and/or manufactured Witness Dwight Mizzell.

[ECF No. 107-2, p. 29]. Plaintiff originally responded "See Interrogatory Number 9." [*Id.*] Plaintiff's original response to Interrogatory number 9, in turn, provided:

> During 2005, Dwight Mizzell did informed [sic] the Plaintiff that the Defendant had gotten him to falsely accuse the Plaintiff. It was

---

[3] The Court notes again that Plaintiff's prison psychological treatment records may minimize or even completely moot the need for additional answers to interrogatory numbers 11, 12, and 13.

9

> not long afterward that (two or three months) that the case was nolle prosqui. This happen [sic] at freedom supermarket, a store on 22 Ave & Rutland St. Mizzell came up to me, first apologizing and then explaining that in fact he was not present when the homicide occurred, only arriving upon the crime scene after the facts. Mizzell conveyed that the indication from the police was that they wanted the Plaintiff convicted of the charge in the worst way and he was promised a cash reward he never received.

[*Id.* at p. 17]. The Undersigned concluded that this response was not entirely unresponsive, but was nonetheless somewhat vague and omitted many of the requested details.

Plaintiff's supplemental response is as follows:

> Dwight Mizzell said when he was told he had to testify, in order to receive the crime stoppers reward, Mr. Mizzel told Det. Delaosa he did not want to go to court cause [sic] he had gotten his information from people off the street.

[ECF No. 137].

The Undersigned again concludes that this response is sufficiently ambiguous to require an additional response with supplemental, clarifying information. While the supplemental response provides some additional information about Mizzell's motivation, it does not describe any actions on *Defendant's part* that form the basis for Plaintiff's allegations. Plaintiff must specifically detail, at a minimum, what actions *Defendant* took to wrongfully procure Mizzell's allegedly false testimony against him. Plaintiff shall therefore serve a second supplemental response on Defendant within twenty days that provides all of the details requested in interrogatory number 21.

### III. Conclusions

Defendant's renewed motion to compel complete responses (DE# 137) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff must **serve** a second set of supplemental interrogatory responses on Defendant **within 20 days** of this order. To the extent Plaintiff does not possess any of the information requested by the interrogatories, Plaintiff must clearly indicate that fact in

his supplemental responses. However, Plaintiff is cautioned that, should he represent that he does not know the information, Plaintiff may be barred from relying on that information as evidence on summary judgment or at trial unless Plaintiff promptly supplements his response and mails a copy of that supplemental information to Defendant in advance.

Defendant's request for attorney's fees and sanctions is **DENIED**. Plaintiff's responses were timely under the extended deadline and were more comprehensive than his original responses. Moreover, Plaintiff is incarcerated and is proceeding *pro se*, and Defendant candidly acknowledges he was unable to, and therefore did not, confer with Plaintiff before filing the motions.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 22nd day of November, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Alan S. Gold
Stephen L. White, *pro se*
All counsel of record