**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 07-23381-CIV-GOLD/GOODMAN

STEPHEN L. WHITE,

    Plaintiff,
v.

DET. DE LA OSA,

    Defendant.
_____

**ORDER ON DEFENDANT DE LA OSA'S**

**RENEWED MOTION TO COMPEL DOCUMENT PRODUCTION**

This cause is before me on Defendant Detective Rolando De La Osa's Renewed Motion to Compel Plaintiff to Fully Respond to Defendant's Request for Production of Documents. [ECF No. 138]. Plaintiff did not file a response and the time for doing so has now expired. For the reasons discussed below, Defendant's motion to compel is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Stephen L. White shall have **ten days** to serve a supplemental set of responses on Defendant as detailed below, but Defendant's request for attorney's fees and other sanctions is **DENIED**.

    **I.**    **BACKGROUND AND INTRODUCTION**

This is an action for false arrest and malicious prosecution brought pursuant to 42 U.S.C. § 1983 by Plaintiff against Defendant, a Miami-Dade County Police Department detective. [ECF No. 91]. Defendant previously moved to compel better responses to the same requests for production, but Plaintiff eventually served untimely responses to the requests for production on October 3, 2011, which mooted the original motion to compel. [ECF Nos. 111; 130; 135].

Given the history of this case, however, the Undersigned provided Defendant ten days to file another discovery motion regarding the responses to the requests for production, if he believed such a motion were appropriate. [ECF No. 135]. Defendant thereafter filed this timely renewed motion to compel full responses to his document requests. [ECF No. 138]. Plaintiff did not respond and the time for filing a response has now expired. The Court's rulings on the motion to compel are provided below on a request-by-request basis or, where appropriate, by groups of related requests.

As an initial matter, however, the Court will remind the Plaintiff that Plaintiff's inability to obtain copies of documents from the Department of Corrections is not necessarily relevant to his responses. Defendant is seeking documents in Plaintiff's possession from *whatever source*, so long as those documents are responsive to the document production requests. Therefore, Plaintiff must review his <u>own</u> records for responsive documents. Plaintiff must also consider all available potential sources of responsive documents within his control.

For example, although Plaintiff is incarcerated, if any family members or friends are storing documents for him until he is released from prison, then Plaintiff must attempt to obtain copies of any responsive documents from the storage locations. It is insufficient to simply request the documents from the Department of Corrections and to indicate the Department would not produce the records if other possible sources exist. If after exhausting all of his resources the Plaintiff cannot produce copies of any requested documents, then (and only then) may he respond either that no such documents exist or the documents exist but he cannot obtain copies.

This is not to suggest that, if Plaintiff fails to produce any responsive records, then Plaintiff's case will not be negatively impacted. It is still Plaintiff's responsibility to prove his claims and, to the extent he fails to produce supporting evidence, such as the documents at issue

here, his ability to prove his claims may be diminished. In addition, if Plaintiff's case proceeds to trial and he suddenly produces previously unproduced responsive records and states his intention to use these documents at the trial, then, upon appropriate motion, the Undersigned will recommend that the District Court exclude that evidence from the trial.

### II. ANALYSIS

#### a. REQUEST FOR PRODUCTION NUMBERS 2 AND 3

> Any MRI, X-Ray, CAT Scan, or other diagnostic study relating to any injuries that Plaintiff claims he incurred because of the Incident.
>
> Documents or communications, including medical, psychiatric, or psychological records, relating to any mental pain or suffering, shame, humiliation, embarrassment, or fear that Plaintiff claims he experienced as a result of the Incident.

[ECF No. 130, p. 4].

In his response to both requests, Plaintiff states simply "Not Obtain [sic] Against D.O.C." [*Id.*]. Defendant argues that this response is insufficient because Plaintiff provided some medical records in response to document request numbers ten and eleven. More specifically, Defendant contends that the mere fact Plaintiff provided some medical records in response to a different request "belies Plaintiff's argument that he was somehow precluded from providing medical records responsive to" request numbers 2 and 3. Defendant notes that if Plaintiff does not possess these documents, then he has had (as of the time of the filing of the renewed motion) roughly 114 days to obtain copies.

The Court agrees that this response is insufficient, although not for the reason Defendant urges. The Court disagrees that, simply because Plaintiff was able to produce other medical records, it follows logically that he could, but simply choose not to, produce the requested records. Plaintiff is a *pro se*, incarcerated individual. It is possible that Plaintiff may not possess

3

all responsive documents and that he has no ability to obtain the documents. His limited, written response to these requests is somewhat ambiguous. It appears he intends to convey that he does not possess the records and attempted to procure them from the Department of Corrections but could not do so. At a minimum, Defendant is entitled to more definitive responses to these requests.

The motion is therefore granted to the extent that Plaintiff must serve a supplemental response to request numbers 2 and 3 within 10 days, indicating whether he possesses any of the requested documents and, if he does possess any or all of the documents, he must attach copies of the documents to his supplemental response. If Plaintiff does not possess any responsive documents, but Plaintiff believes the documents exist and after reasonable effort cannot obtain the documents, then he shall clearly and plainly state that he does not possess these documents and is unable to obtain copies of the documents.

Defendant is nonetheless reminded again that, in response to interrogatory number 11 [*See* ECF No. 153, p. 7], Plaintiff indicated that he did try to obtain his prison psychological records and the prison's response suggested production of the records may be possible with a court order. To the extent that it may alleviate Defendant's concerns regarding these requests for production, the Court again encourages Defendants to seek a court order compelling the Department of Corrections to turn Plaintiff's records over to Defendant.

### b.  REQUESTS FOR PRODUCTION NUMBERS 21 AND 23

> Copies of any and all tax returns filed with the Internal Revenue Service ("IRS") by Plaintiff from 2000 to present.

> Copy of the alibi defense hearing transcript described in Plaintiff's response to Request Number Twenty from Defendant's First Request for Requests.

[ECF No. 130, pp. 6-7].

In his original response to both requests, Plaintiff stated only ""Not Obtain Aginst [sic] D.O.C." and "Not Obtain."  Defendant claims that, because Plaintiff was able to include corporate documents and hearing transcripts in his original response to other requests for production, it "once again undermines Plaintiff's contentions that he was precluded from obtaining the IRS tax returns and alibi defense hearing transcript requested in" these requests.

For the same reasons discussed above, the court again disagrees that, merely because Plaintiff was able to produce other documents, it demonstrates he could have also produced documents responsive to these requests.  It is simply not clear on the available record what, if anything else, Plaintiff could have produced.  The motion is therefore granted to the extent that Plaintiff must serve a supplemental response to requests numbers 21 and 23 within 10 days, indicating whether he possesses any of the requested documents and, if he does possess any or all of the documents, he must attach copies of the documents to his supplemental response.  If Plaintiff does not possess any responsive documents, but Plaintiff believes the documents exist and after reasonable effort cannot obtain the documents, then he shall clearly and plainly state that he does not possess these documents and is unable to obtain copies of the documents.

### c. REQUESTS FOR PRODUCTION NUMBERS FOUR AND FIVE

> Any insurance policies or agreements (including, but not limited to, medical insurance and disability insurance) pursuant to which Plaintiff has been paid benefits or pursuant to which benefits are payable for expenses or damages that Plaintiff allegedly suffered as a result of the Incident.
>
> Receipts or other documents from insurance companies or any medical provider indicating any amounts paid by insurance companies for medical expenses relating to the Incident.

[ECF No. 130, p. 5].

In his original response to both requests, Plaintiff simply wrote "N/A."  Defendant argues this response is ambiguous because it is not clear if it means "not available" or "not applicable."

5

Defendant also states that, to the extent the latter meaning is intended, Plaintiff waived any objection by serving untimely responses.

The Court agrees that this response is ambiguous and therefore insufficient. The motion is granted to the extent that Plaintiff must serve a supplemental response to requests numbers 4 and 5 within 10 days, indicating whether he possesses any of the requested documents and, if he does possess any or all of the documents, he must attach copies of the documents to his supplemental response. If Plaintiff does not possess any responsive documents, but Plaintiff believes the documents exist and after reasonable effort cannot obtain the documents, then he shall clearly and plainly state that he does not possess these documents and is unable to obtain copies of the documents. The Court also agrees that the Plaintiff waived his right to object by failing to file a timely response to this request (and by failing to respond to the motion to compel). As a result, if Plaintiff possesses responsive documents, then he must produce copies of the documents. *See Romacorp, Inc. v. Prescient, Inc.*, No. 10–22872–Civ, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011).

### d.  REQUEST FOR PRODUCTION NUMBER 6

> Documents or communications, such as correspondence, notes, or diary entries, whether created or maintained by Plaintiff in which the Incident is described.

[ECF No. 130, p. 5].

Plaintiff's only response to this request was "Exhibit 3." In Defendant's motion, he describes the contents of Exhibit 3 and argues that these documents do not appear to be responsive to the request. The Court reviewed these documents and agrees the documents do not appear to be responsive to the request. Plaintiff is instructed that this request does not simply seek any documents or communications that Plaintiff believes in some way relate to his case or

the topic of criminal prosecutions, but only those documents or communications which specifically *refer to the incident* at issue in this lawsuit.

Consequently, within 10 days, Plaintiff must serve a supplemental response to request number 6. In the supplemental response, Plaintiff must indicate whether he possesses any of <u>the requested documents</u> and, if he does possess any or all of the documents, he must attach copies of the documents to his supplemental response. If Plaintiff does not possess any responsive documents, but Plaintiff believes the documents exist and after reasonable effort cannot obtain the documents, then he shall clearly and plainly state that he does not possess these documents and is unable to obtain copies of the documents.

### e. REQUEST FOR PRODUCTION NUMBER 7

Any written statements made by Plaintiff relating to the Incident.

[ECF No. 130].

Plaintiff did not respond at all to this request for production. Plaintiff shall therefore serve a supplemental response to request number 7 within 10 days. In the supplemental response, Plaintiff must indicate whether he possesses any of the requested documents and, if he does possess any or all of the documents, he must attach copies of the documents to his supplemental response. If Plaintiff does not possess any responsive documents, but Plaintiff believes the documents exist and after reasonable effort cannot obtain the documents, then he shall clearly and plainly state that he does not possess these documents and is unable to obtain copies of the documents.

### f.  REQUEST FOR PRODUCTION NUMBER 12[1]

> Any and all documents or communications relating to other instances in which Plaintiff has been arrested.

[ECF No. 130].

Plaintiff objected to this request as irrelevant.  Defendant contends Plaintiff waived his objection because his response was untimely.  The Court agrees that, in general, Plaintiff waived his right to object by serving an untimely response and failing to respond to this motion.  But, given Plaintiff's status, the Court finds that his objection was sufficient to preserve the attorney-client privilege as to any of the requested documents.

Plaintiff shall therefore serve a supplemental response to this request within 10 days.  In the supplemental response, Plaintiff must indicate whether he possesses any of the requested documents and, if he does possess any or all of the documents, he must attach copies of the documents to his supplemental response.  If Plaintiff does not possess any responsive documents, but Plaintiff believes the documents exist and after reasonable effort cannot obtain the documents, then he shall clearly and plainly state that he does not possess these documents and is unable to obtain copies of the documents.

Plaintiff is instructed, however, that if he believes any documents are protected by the attorney-client privilege, then he may withhold those documents and prepare a privilege log listing the documents.  Any privilege log must indicate the *general* nature of the document (e.g., letter from attorney to Plaintiff about criminal trial strategy), the date the document was created or received, and the number of pages in the document.  Plaintiff is cautioned that if he withholds any documents on this basis but does not file a privilege log, then the Court will determine he voluntarily waived the attorney-client privilege.

---

[1]  This request for production is mis-numbered.  It is actually the fifteenth request for production.

Case No. 07-23381-CIV-GOLD/GOODMAN

### g.  REQUEST FOR PRODUCTION NUMBERS 13 THROUGH 18

These six requests for production seek "Any and all documents or communications between Plaintiff and" Dwight Mizzell, Ms. Walker, personnel of any law enforcement office related to the Incident, Sharon Pritchett relating to the Incident, Richard Bravo relating to the Incident, Warren Riley relating to the Incident, Candida Margarita relating to the Incident, and Zaire Baptiste relating to the incident.  In response to these requests, Plaintiff simply listed (depending on the request) exhibits 4, 5, or 6.  Defendant contends that the documents in these exhibits are not responsive and, at best, contain references to various individuals in the requests but do not contain any communications or documents between these individuals and Plaintiff.

The court reviewed the listed exhibits and agrees that the exhibits are not responsive to the request.  Plaintiff is instructed that these requests specifically seek any communications or documents between these individuals and Plaintiff.  The request does not seek any document that merely mentions these individuals.  For example, a responsive document might be a letter between Plaintiff and one of these individuals, but a document responsive to these requests would not be a police report mentioning one of these individuals (but nothing more).

Consequently, Plaintiff shall, within 10 days, serve a supplemental response to this request.  In the supplemental response, Plaintiff must indicate whether he possesses any of the requested documents and, if he does possess any or all of the documents, he must attach copies of the documents to his supplemental response.  If Plaintiff does not possess any responsive documents, but Plaintiff believes the documents exist and after reasonable effort cannot obtain the documents, then he shall clearly and plainly state that he does not possess these documents and is unable to obtain copies of the documents.

### III. CONCLUSIONS

Defendant's renewed motion to compel complete responses [ECF No. 138] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff must **serve** supplemental responses to the requests for production described above on Defendant **within 10 days** of this order. To the extent Plaintiff does not possess and cannot obtain any of the documents requested, Plaintiff must clearly indicate that fact in his supplemental responses. However, Plaintiff is cautioned that, should he represent that he does not possess responsive documents, Plaintiff may be barred from relying on those documents as evidence on summary judgment or at trial unless Plaintiff promptly supplements his response and mails a copy of the supplemental documents to Defendant in advance.

Defendant's request for attorney's fees and sanctions is **DENIED**. Plaintiff's responses were not completely unresponsive and he appears to have tried to comply with the discovery requests. Moreover, Plaintiff is incarcerated and is proceeding *pro se*, and Defendant candidly acknowledges he was unable to, and therefore did not, confer with Plaintiff before filing the motion to compel.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 23rd day of January, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Alan S. Gold
Stephen L. White, *pro se*
All counsel of record