UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-23381-CIV-GOLD/GOODMAN

STEPHEN L. WHITE,

    Plaintiff,
v.

DET. DE LA OSA,

    Defendant.
_____

**ORDER ON PLAINTIFF'S MOTIONS TO**

**EXTEND DISCOVERY AND SUMMARY JUDGMENT**

**DEADLINES AND FOR ORDER DIRECTING DEFENDANT TO ANSWER**

**<u>FIRST SET OF INTERROGATORIES AND ADMISSION AND FOR SANCTIONS</u>**

This cause is before me on Plaintiff's [ECF No. 152] Motion to Extend Discovery Deadline and Supplemental Scheduling Order to File Summary Judgment and [ECF No. 158] Demand for Order Directing Defendant to Answer First Set of Interrogatories and Admission and Demand for Sanctions. Defendant filed responses opposing both motions but Plaintiff did not file any replies. [ECF Nos. 159; 160]. For the reasons below, Plaintiff's extension motion is **GRANTED IN PART AND DENIED IN PART** and his demand for a discovery response and sanctions is **DENIED**. Plaintiff may, if he chooses, file a summary judgment motion **WITHIN TWENTY-FOUR DAYS** of today's date.

    I.    **INTRODUCTION**

This is an action for false arrest and malicious prosecution brought pursuant to 42 U.S.C. § 1983 by Plaintiff against Defendant, a Miami-Dade County Police Department detective. [ECF No. 91]. With the Marshals Service's assistance, Plaintiff personally served Defendant

with process on January 25, 2010.[1] At the time of service, the original discovery deadline in this case, April 9, 2009, had already expired. On January 20, 2011, the District Court authorized Plaintiff to file his third amended complaint, which Plaintiff then filed on February 18, 2011. [ECF Nos. 90; 91]. Subsequently, on March 25, 2011, the Court entered a Supplemental Scheduling Order, providing that all discovery must be completed and all discovery motions be filed by August 31, 2011 and that all dispositive motions be filed by October 5, 2011. [ECF No. 94].

In his extension motion [ECF No. 152], Plaintiff states that without the ability to pursue discovery "he will not be able to properly fulfill his obligation concerning summary judgment and other pretrial pleadings." Plaintiff contends he is entitled to an extension of time to pursue discovery and to file a summary judgment motion because he never received a copy of the Supplemental Scheduling Order and that, if he received the order, he would have "had time to comply with scheduling order for pretrial proceedings."[2] Plaintiff also states that he did not become aware of the deadlines until August 19, 2011, when he received a copy of the docket. Plaintiff claims that, as a result of not receiving the Supplemental Scheduling Order, "Plaintiff's litigation didn't start until late August 2011." Plaintiff offers no explanation why, despite not knowing about the order, he was unable to actively litigate this case and pursue discovery until

---

[1] The United States Marshals Service had earlier made substituted service on Defendant but Defendant challenged this type of service on three separate occasions. Consequently, Magistrate Judge Patrick White ordered the Marshals Service to serve Defendant personally. [*See* ECF Nos. 76; 79].

[2] Defendant did not directly address the issue of an extension of time to file a summary judgment motion in his response. This is not entirely surprising and does not constitute a failure on counsel's part because Plaintiff's motion is hardly a model of clarity. Nonetheless, Plaintiff clearly seeks the discovery extension for the purposes of filing a summary judgment motion and the Undersigned concludes the appropriate liberal construction of his motion is that he desires the opportunity to file a summary judgment motion.

that time.  Finally, Plaintiff urges this Court for special consideration due to his *pro se* incarcerated status.

Defendant opposes the extension motion for several reasons.  First, Defendant believes that Plaintiff *did* receive the original scheduling order.  In support, Defendant notes that Plaintiff received other filings in a timely manner.  Second, even if he did not timely receive the scheduling order, Defendant states that Plaintiff had notice of the discovery deadline much earlier than he claims through other filings. Specifically, Defendant points out that he referenced the discovery deadline in [ECF No. 104] his May 6, 2011 opposition to Plaintiff's motion for extension of time to answer/object to Defendant's interrogatories and [ECF No. 106] his June 6, 2011 motion to compel.[3]  Third, Defendant argues that Plaintiff still had 117 days to seek discovery but did not pursue it.  Fourth, Defendant contends the law clearly establishes that Plaintiff may not disregard deadlines merely because Plaintiff decided to litigate his case *pro se*. Fifth, Defendant distinguishes the extension granted to him by noting that Defendant received his extension because Plaintiff failed to comply with his discovery obligations before the deadline expired, but Plaintiff's failure to obtain discovery by the deadline is unrelated to any of Defendant's actions.

Plaintiff served Defendant with interrogatories and requests for admission on September 29, 2011.  [ECF Nos. 131; 133].  On November 21, 2011, Defendant filed and served a notice indicating that Defendant would not respond to the requests because the discovery deadline already expired and Plaintiff had neither sought nor been granted an extension.  In his second motion [ECF No. 158], Plaintiff seeks both an order directing Defendant to respond to these

---

[3]      This is mostly true.  The supplemental scheduling order set the discovery deadline as August *31*, 2011 and in both of these filings Defendant stated that the discovery deadline was August *30*, 2011.  [*See* ECF No. 94].  The one day difference between the actual deadline and the date in Defendant's filings is not material.

requests and sanctions against Defendant for failing to respond. It is somewhat unclear, but it appears that Plaintiff believes his requests were timely because the Court extended the discovery deadline for both parties when it granted Defendant's Motion to Extend Discovery by 120 Days. [*See* ECF Nos. 129; 145].

Defendant responds the motion should be denied because Plaintiff did not serve his requests until twenty-days after the discovery deadline expired, but the Local Rules specifically require any discovery requests to be served in sufficient time so that the response is due before expiration of the discovery deadline. Defendant contends that under the Local rules no response or objection is necessary in this scenario. Finally, Defendant points out that the Court's order granting Defendant's motion for a 120-day discovery extension provided only Defendant, but not Plaintiff, with an extension of time to seek discovery.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 16(b)(3)(a) requires a district court to enter a scheduling order that limits the time to conduct discovery. The scheduling order may only be amended for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint, Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (quoting 1983 Advisory Comm. Notes, subdivision (b)).

Southern District of Florida Local Rule 26.1(f) provides that:

> Discovery must be completed in accordance with the court-ordered discovery cutoff date. Written discovery requests and subpoenas seeking the production of documents must be served in sufficient time that the response is due on or before the discovery cutoff date. Depositions, including any non-party depositions, must be scheduled to occur on or before the discovery cutoff date. Failure by the party seeking discovery to comply with this paragraph

4

> obviates the need to respond or object to the discovery, appear at the deposition, or move for a protective order.

### III. ANALYSIS

#### a. MOTION FOR EXTENSION OF DISCOVERY AND SUMMARY JUDGMENT DEADLINES

Plaintiff's position is essentially that the Court should extend the discovery and summary judgment deadlines solely because he did not receive the supplemental discovery order and he is proceeding *pro se*. The motion is **DENIED** to the extent Plaintiff seeks a discovery extension, but is **GRANTED** to the extent that Plaintiff may file a summary judgment motion **WITHIN TWENTY-FOUR DAYS** of this order.

Having been presented with no evidence to the contrary, the Court will also assume for purposes of this motion that Plaintiff truly did not receive a copy of the supplemental scheduling order. As a result, the Court finds that Plaintiff demonstrated good cause for his failure to file a summary judgment motion by the supplemental deadline of October 5, 2011. Plaintiff may therefore file a motion for summary judgment, if he chooses, within twenty-four days of this order.

But even given his *pro se* status and assuming he never received the supplemental scheduling order, Plaintiff has completely failed to explain why he did not seek discovery until nearly eight months after he filed his third amended complaint. [*Compare* ECF No. 91 *with* ECF Nos. 131 & 133]. Plaintiff cannot (and does not) claim, for example, that he believed the Court would allow endless discovery because Plaintiff does not dispute having received the Court's original scheduling order which set an earlier discovery deadline. [*See* ECF No. 32]. Moreover, Plaintiff was clearly aware as early as February 24, 2009 that he was entitled to seek discovery, because at that time he served interrogatories on De La Osa and then-defendant Corporal James

5

Smith. [ECF No. 38]. It is also clear that, even if Plaintiff did not receive the supplemental scheduling order, he still had actual notice that the discovery deadline existed and was at the end of August 2011. This is because, as Defendant accurately notes, Defendant explicitly referenced the deadline in two documents filed and served May 6, 2011 and June 6, 2011 – approximately three and two months before the discovery deadline expired, respectively.

The Court therefore concludes that Plaintiff has failed to demonstrate the good cause necessary to modify the scheduling order so that he could conduct discovery past the supplemental discovery deadline. Defendant was served more than a year and a half before the discovery deadline and Plaintiff offers no explanation why, even if he did not know the specific discovery deadline, he sought no discovery of any kind during that time period. Plaintiff failed to actively litigate his claims for a year and a half, despite having notice of the impending deadline by way of Defendant's filings, and offers no additional explanation other than that he is *pro se*. But, again, even this explanation is contradicted by the fact that Plaintiff previously demonstrated that he knew how to seek discovery and that he was entitled to it.[4]

This case is factually similar to *Barfield v. Brierton*, 883 F.2d 923, 932 (11th Cir. 1989). In that case, an incarcerated *pro se* litigant filed a motion to stay consideration of a summary judgment motion pending further discovery. The District Court denied the extension motion and then granted the defendants' summary judgment motion when the plaintiff did not file a timely response. The Eleventh Circuit reviewed the factors the District Court relied on in denying the motion and held the District Court did not abuse its discretion by denying the motion to stay. Specifically, the Eleventh Circuit stated that the case had been pending for over a year when the motion to stay was filed and the plaintiff "had ample time and opportunity for discovery, yet

---

[4] Plaintiff went as far as to file a motion to compel responses to his original discovery requests. [ECF No. 40].

failed to diligently pursue his options." *Id.* The Eleventh Circuit also noted that the plaintiff "made numerous discovery requests in the initial stages of litigation to which defendants responded, but later failed to pursue further discovery or to request the court's assistance in obtaining it until three days after the court's discovery deadline expired." *See also F.T.C. v. 1st Guar. Mortg. Corp.*, No. 09-61840-CIV, 2011 WL 1226231, at *4 (S.D. Fla. Mar. 30, 2011) (concluding that a *pro se* plaintiff's "lack of diligence in conducting discovery supports the denial of a motion for an extension of time").

Plaintiff's *pro se* incarcerated status does not alter the Court's conclusion. The Supreme Court has noted that "[i]mpairment of . . . litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also West v. Lewis Color Lithographers*, No. 606CV064, at *4 (S.D. Ga. Jul. 16, 2007) ("That result may not be fair-the represented have counsel who stay abreast of and thus ensure compliance with court rules, while *pro se* litigants suffer losses from understandable ignorance of them. Redressing such iniquity, however, is a political choice for Congress to address, not the judiciary"). Moreover, in *Barfield*, 883 F.2d at 932, the Eleventh Circuit acknowledged that *pro se* litigants "occupy a position significantly different from that occupied by litigants represented by counsel," but rejected the notion that a litigant's *pro se* status excuses his failure to diligently pursue discovery when he is aware discovery is necessary.

Moreover, the Court has already been flexible when assessing Plaintiff's legal positions and has already used his *pro se* status as grounds to provide procedural relief to Plaintiff.

### b.  MOTION TO COMPEL AND FOR SANCTIONS

Plaintiff's Demand for Order Directing Defendant to Answer First Set of Interrogatories and Admission and Demand for Sanctions is **DENIED**. Plaintiff did not serve his discovery

7

requests until September 29, 2011 but the discovery deadline in this case was August 31, 2011. Defendant is correct that under Local Rule 26.1(f) Plaintiff's failure to obtain an extension "obviate[d] the need to respond or object to the discovery."[5]

## IV.    CONCLUSIONS

For the reasons above, Plaintiff's extension motion is **GRANTED IN PART AND DENIED IN PART** and his demand for a discovery response and sanctions is **DENIED**. Plaintiff may, if he chooses, file a summary judgment motion **WITHIN TWENTY-FOUR DAYS** of today's date, but he is not entitled to any additional discovery.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 27th day of January, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan S. Gold

Stephen L. White, *pro se*

All counsel of record

---

[5] The Court's previous order [ECF No. 145] specifically stated that "De La Osa, but not Plaintiff, may have an additional 120 days from October 1, 2011, the date Defendant filed his motion, to conduct discovery." (emphasis in original).